IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SEAN THEALL,

    Plaintiff,

v.                                              C.A. No.: 4:21-cv-3266

M.T.-MATRIX TECHNOLOGIES, LLC,
and DONAL L. LARSON,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SEAN THEALL (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, M.T.-MATRIX TECHNOLOGIES, LLC and DONAL L. LARSON (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in

29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, M.T.-MATRIX TECHNOLOGIES, LLC, has offices or conducts business in Harris County, Texas.

## THE PARTIES

4. Plaintiff, SEAN THEALL, is an individual residing in Montgomery County, Texas.

5. Plaintiff, SEAN THEALL, was employed by Defendant, M.T.-MATRIX TECHNOLOGIES, LLC from March 6, 2020 through June 13, 2021, as a Chemical Manager whose duties were to maintain chemical inventory, order chemicals when necessary, inspect customer car wash tunnels and chemicals, perform small maintenance jobs on car wash tunnels, contact customers, contact distributors, order parts, pick-up orders in Dallas, collect and deposit checks/payments, site evaluations, and assist field technicians in installation of equipment, and was paid $12.00 per hour for all hours worked.

6. Defendant, M.T.-MATRIX TECHNOLOGIES, LLC, is a corporation established under the laws of the State of Texas, having offices in Harris County, Texas.

7. Defendant, M.T.-MATRIX TECHNOLOGIES, LLC's primary

business is to assist clients in car wash development sites and operates in Tomball, Texas.

8. Defendant, M.T.-MATRIX TECHNOLOGIES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, M.T.-MATRIX TECHNOLOGIES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, M.T.-MATRIX TECHNOLOGIES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. Defendant, DONAL L. LARSON, is an individual residing in Harris County, Texas, who at all times relevant to this matter, acted directly or indirectly in the interest of Defendant, M.T.-MATRIX TECHNOLOGIES, LLC, in relationship to Plaintiff.

12. Defendant, DONAL L. LARSON, is an owner of Defendant, M.T.-MATRIX TECHNOLOGIES, LLC.

13. Defendants, M.T.-MATRIX TECHNOLOGIES, LLC and DONAL L. LARSON, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's

work.

14. At all times material hereto, Defendant, DONAL L. LARSON, was an agent of M.T.-MATRIX TECHNOLOGIES, LLC in that he (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision-making power to pay overtime owed to Plaintiff and other employees. Thus, Defendant, DONAL L. LARSON, is an "employer" as defined by 29 U.S.C. § 203(d).

15. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

16. Plaintiff was individually engaged in commerce and produced goods for commerce, e.g., the use of interstate telephone calls to order chemicals and supplies as well as internet (phone, tablets, computers, emails) for conducting routine duties and researching product supplies relating to the transportation of goods and property in interstate commerce, and his work was directly and vitally related to the functioning of Defendants' business activities.

## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

17. Plaintiff 1) occupied a position as a Chemical Manager; 2) did not hold

a position considered as exempt from the overtime provisions of the FLSA; and, 3) was paid on an hourly basis.

18. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

19. Plaintiff worked overtime in numerous workweeks while employed by the Defendants, but was not paid the additional half-time premium required by the FLSA.

20. Plaintiff's regular schedule was from 8:00 a.m. to 6:00 p.m., Monday through Friday. However, Plaintiff often worked before 8:00 a.m. and after 6:00 p.m. and some weekends.

21. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

22. The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

23. Defendants' policy of not properly paying overtime is company-wide and was willful.

24. Defendants either knew about or showed reckless disregard for the

matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

25. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

27. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

28. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, SEAN THEALL, demands Judgment against Defendants, jointly and severally, for the following:

    a. Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

    b. Awarding Plaintiff his pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, SEAN THEALL, demands a jury trial on all issues so triable.

Respectfully submitted this October 7, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

*/s/ Charles L. Scalise*

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810

**ATTORNEYS FOR PLAINTIFF**